1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:08-cr-0417 MCE KJN P

12               Respondent,

13        v.                                ORDER

14   FERNANDO MURGUIA-OCHOA, aka
     FERNANDO CRUZ ARREOLA,
15
                 Movant.
16

17

18        Movant is a federal prisoner, proceeding through appointed counsel, with a motion to

19   vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Following submission of

20   supplemental briefing on the § 2255 motion, a panel of the Ninth Circuit Court of Appeals issued

21   a published opinion in United States v. Vasquez-Gonzalez, 901 F.3d 1060 (9th Cir. 2018) (No.

22   15-10285), concluding that California Penal Code § 245 requires "an intentional use of force."

23   Id. at 1068.  However, on August 27, 2018, the panel granted appellant's unopposed motion for

24   extension of time to file a petition for panel rehearing and rehearing *en banc*.  No. 15-10285 (ECF

25   No. 67).  On November 5, 2018, appellant filed a petition for panel rehearing and rehearing *en

26   banc*, as well as a request to certify an issue to the California Supreme Court.  Id. (ECF No. 69.)

27   Appellant, arguing Vasquez-Gonzalez was wrongly decided, requested that the following

28   question be certified to the California Supreme Court:  "whether California Penal Code § 245

                                            1

requires intentional use of force, rather than unilaterally imposing such a drastic federal reworking of California's assault statute on the State." No. 15-10285 (ECF No. 69 at 13.) On November 9, 2018, the panel ordered appellee to file a response to the petition for rehearing *en banc* before the full court, and on November 27, 2018, appellee was granted a sixty-day extension of time to do so. Id. (ECF No. 72.)

In light of these developments, the parties shall address whether Vasquez-Gonzalez applies, assuming without deciding that respondent's prior objections such as procedural default are overruled, and, observing that movant previously filed a pro se writ of mandamus in the Ninth Circuit, the parties shall address whether it would be appropriate for this court to await a ruling by the Circuit in Vasquez-Gonzalez.[1]

Accordingly, IT IS HEREBY ORDERED that within thirty days, the parties shall file briefing as set forth above.

Dated: December 12, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/murg0417.fb

---

[1] If either party suggests a stay, the party should also address Yong v. I.N.S., 208 F.3d 1116 (9th Cir. 2000).