UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>FERNANDO MURGUIA-OCHOA, aka FERNANDO CRUZ ARREOLA,<br><br>Movant. | No. 2:08-cr-0417 MCE KJN P<br><br>ORDER |

Movant is a federal prisoner, proceeding through appointed counsel, with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. As discussed below, respondent shall file an opposition to movant's pro se supplement to his § 2255 motion within fourteen days from the date of this order.

Background

In his § 2255 motion, movant raised four claims: (1) defense counsel was ineffective throughout all critical stages of the criminal prosecution; (2) movant's conviction and sentence were obtained in violation of his substantive due process rights under Johnson, 135 S. Ct. at 2557; (3) movant's conviction, as to the Controlled Substance Act, is constitutionally infirm under McFadden v. United States, 135 S. Ct. 2298 (2015); and (4) the indictment is defective under Alleyne v. United States, 570 U.S. 99 (2013). (ECF No. 228 at 17-31.) The court issued its

1

briefing order, and on June 1, 2016, movant filed a pro se supplement to his § 2255 motion. (ECF No. 237.) In his pro se supplement, movant raised two additional claims: (1) movant's prior controlled substance offenses are misdemeanors under California's Proposition 47 and do not qualify as federal felony enhancements under 4B1.1 Career Offender Provision; and (2) counsel was ineffective for failing to challenge the use of a controlled substance offense not punishable to more than one year of imprisonment to qualify under 4B1.1; counsel allowed the sentencing court to rely solely upon the factual description in the presentence report. (ECF No. 237.)

By order filed June 14, 2016, the court disregarded movant's pro se supplemental briefing (ECF No. 237) filed on June 1, 2016, and granted movant's counsel leave to "file the complete supplemental briefing." (ECF No. 239.)

On August 17, 2016, the government filed its opposition to the motion, addressing only the four claims raised in the original § 2255 motion. (ECF No. 244.)

On October 12, 2016, movant's counsel provided a supplemental brief with respect to movant's claim under Johnson v. United States, 135 S. Ct. 2551 (2015), but then, despite the June 14, 2016 order, stated that movant relied on his initial § 2255 motion, memorandum of law and attachments, "and his pro se supplemental brief," citing ECF Nos. 228 and 237. (ECF No. 247.)

On January 13, 2017, the government filed its response to movant's supplemental brief, but addressed only movant's claim under Johnson, and did not address the additional claims raised in movant's pro se supplemental brief. (ECF No. 251.) On February 23, 2017, counsel for movant filed a supplemental reply brief solely addressing the government's arguments concerning movant's claim under Johnson, but raised no objection that respondent failed to address the pro se supplement. (ECF No. 254.)

Discussion

Although the court previously disregarded movant's pro se supplement (ECF No. 237), it appears that counsel for movant intended to incorporate movant's claims contained in movant's pro se supplement into counsel's supplemental brief (ECF No. 247). Respondent's failure to address such claims is excused based on the court's prior order. But in the interest of resolving all of movant's claims at one time, respondent is granted fourteen days in which to file an

opposition to movant's pro se supplement (ECF No. 237). Movant's reply, if any, shall be filed seven days thereafter.

Accordingly, IT IS HEREBY ORDERED that:

1. The order disregarding movant's pro se supplement (ECF No. 239) is vacated; and

2. Within fourteen days,[1] respondent shall file an opposition or statement of non-opposition to movant's pro se supplement (ECF No. 237); movant's reply, if any, is due seven days thereafter.

Dated: January 14, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/murg0417.fb2

---

[1] The court is aware that the current government shutdown may impact staffing in the United States Attorney's Office. In light of such uncertainty, the undersigned will consider a request for extension of time based on the shutdown. Otherwise, the court is not inclined to entertain requests for extension of time in this action.